410 A.2d 804

**J. Donald McKINNEY, Samuel Land Company, Wilco Corporation, John Ricciuti, Inc. on behalf of themselves and other similarly situated, Appellants,**

**v.**

**ALLEGHENY COUNTY, a County of the Second Class, Quaker Valley School District, Allegheny County, the Township of Leet, the Township of Aleppo, Glenfield Borough, Board of Commissioners of Allegheny County, Pennsylvania, and Kilbuck Township, Appellees.**

Supreme Court of Pennsylvania.

Argued March 12, 1979.

Decided Feb. 1, 1980.

T. Robert Brennan, Harvey E. Robins, John Daley, Brennan, Robins & Daley, Pittsburgh, for appellants.

Alexander J. Jaffurs, County Sol., Thomas M. Rutter, Jr., Asst. County Sol., Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, MANDERINO, NIX and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.*

In this class action in equity instituted in the Court of Common Pleas of Allegheny County, the appellant-taxpayers sought to enjoin the appellee-taxing authorities from levying taxes on real property in the northern triennial assessment district of Allegheny County for the years 1977, 1978 and 1979 based on a revised or increased valuation and assessment in that district made in 1976, and to compel a refund of taxes already paid on these increased assessments. The appellants complained that section 402 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, art. IV, § 402, *as amended*, Act of June 24, 1976, P.L. 422, No. 100, § 1, 72 P.S. § 5020–402 (Supp.1979–80) [hereinafter; Act 100], was violated by levying taxes on a revised or increased assessment of one assessment district before a revised assessment of the entire county was completed and certified.

The appellees filed preliminary objections to the complaint alleging, *inter alia*, that appellants failed to pursue available statutory remedies. Appellees cited the General County Assessment Law, Act of May 22, 1933, P.L. 853, art. I, *as amended*, 72 P.S. §§ 5020–1 *et seq.*; the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.1 *et seq.*; and, the Uniform Declaratory Judgment Act, Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §§ 831 *et seq.*, as the statutory remedies available. The trial court overruled the preliminary objections and directed the appellees to answer on the merits. An appeal was filed in the Commonwealth Court and that court entered a per curiam order which vacated the order of the Court of Common Pleas and dismissed the action. We granted allocatur.

■ Appellants complain that the decree of the Court of Common Pleas was an interlocutory, unappealable order, and the Commonwealth Court erred in not granting a motion to quash the appeal. However, a study of the complaint

* This case was reassigned to the writer on November 16, 1979.

is persuasive that, before relief could be granted on the basis thereof, it was necessary for the complaining taxpayers to establish that the challenged tax levy violated provisions of Act 100, supra. In a related action, the Commonwealth Court and this Court have both ruled that Act 100, supra, does not apply to the tax levy involved.[1] That ruling is binding here. Under the circumstances, the present action cannot be sustained and further proceedings would be an unnecessary burden on an already overly-burdened court system.

■ Appellants urge that even if Act 100, supra, is not relevant, the action should proceed to determine if the challenged levy violates the constitutional requirement of uniformity. But, the complaint did not plead this issue, and the record discloses that this question was raised for the first time in the Commonwealth Court. Therefore, it is not properly before this Court. See Pa.R.A.P. 302(a); *Commonwealth v. National Federal of the Blind*, 471 Pa. 529, 370 A.2d 732 (1977).

Order affirmed. Each side to pay own costs.

MANDERINO, J., did not participate in the decision of this case.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. No matter how the underlying merits of this case are resolved, this Court lacks appellate jurisdiction to dismiss this action in equity. The Commonwealth Court improperly dismissed this action on the merits solely on the basis of a purported appeal from an interlocutory, unappealable decree of the common pleas court. Accordingly, I would vacate the decree of the Commonwealth Court and remand this case to the common pleas court.

1. See *McKinney v. Bd. of Comm'rs.*, 35 Pa.Cmwlth. 91, 385 A.2d 596, aff'd, *McKinney v. Bd. of Comm'rs.*, 488 Pa. 86, 410 A.2d 1238 (1980).